1  Thomas A. Saenz (Cal. Bar No. 159430)
   Ernest Herrera (Cal. Bar No. 335032)
2  Eduardo Casas (Cal. Bar No. 346859)
   MEXICAN AMERICAN LEGAL DEFENSE
3  AND EDUCATIONAL FUND
   634 South Spring Street, 11th Floor
4  Los Angeles, CA 90014
   Telephone: (213) 629-2512
5  Facsimile:  (213) 629-0266
   Email:       tsaenz@maldef.org
6                eherrera@maldef.org
                 ecasas@maldef.org
7
   *Attorneys for Plaintiff*
8  *Rogelio Esqueda and the Proposed Classes*

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11
                         (WESTERN DIVISION)
12

13  ROGELIO ESQUEDA, on behalf of        Case No.:
    himself and all others similarly
    situated,
14
                                         **COMPLAINT FOR VIOLATION**
15                         Plaintiff,    **OF 42 U.S.C. § 1981 AND**
        vs.                              **CALIFORNIA STATE LAW;**
16                                       **INJUNCTIVE AND**
                                         **DECLARATORY RELIEF AND**
17  KINECTA FEDERAL CREDIT               **DAMAGES**
    UNION,
18
                           Defendant.    **CLASS ACTION**
19

20

1

Plaintiff Rogelio Esqueda ("Plaintiff" or "Esqueda"), individually and on behalf of all others similarly situated, by his attorneys makes the following allegations, based upon information and belief, against Defendant Kinecta Federal Credit Union ("Defendant" or "Kinecta"):

## INTRODUCTION

1. Defendant follows a policy of denying full access to loan products and services, in addition to other banking products and services, to applicants on the basis of their immigration status or alienage, including those who have Deferred Action for Childhood Arrivals ("DACA").

2. Plaintiff and members of the Classes he seeks to represent were and are unable to access Defendant's financial services because of their immigration status or alienage. Plaintiff brings this case against Kinecta for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981"), and the Unruh Civil Rights Act ("Unruh Act"), as codified by California Civil Code §§ 51, *et seq*.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. This Court is empowered to issue a declaratory judgment by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

6. Esqueda is a resident of Huntington Park and has been a DACA recipient since 2013. As part of the DACA initiative, Esqueda received a Social

2

Security Number and authorization to work in the United States.  Esqueda resided in Huntington Park on the date that he applied for an auto loan from Defendant and was unlawfully denied.

7. Defendant subjected Esqueda and members of the Classes he seeks to represent to discrimination in violation of federal and state law as described in this Complaint.

**Defendant**

8. Defendant is a member-owned and federally chartered credit union headquartered in Manhattan Beach, California.

9. Defendant maintains a business and mailing office at 1440 Rosecrans Avenue, Manhattan Beach, CA 90266.

10. Defendant offers consumers a range of financial and credit products, including retail banking services, business and insurance products, personal loans, auto loans, credit cards, and home loans.

## STATEMENT OF FACTS

11. Esqueda brings this action on behalf of himself and members of the proposed Plaintiff Classes.  The classes seek damages, declaratory judgment, and injunctive relief.

12. Esqueda is a recipient of DACA and has been since 2013.  Since that time, he has continuously possessed an employment authorization card and Social Security Number.

13. Esqueda lives in the city of Huntington Park with his wife and three children.  He works in maintenance for an Anaheim-based company that manufactures electric vehicles, and he earns about $54,000 a year.

14. In or around October 2023, Esqueda decided that he needed to buy a more fuel-efficient vehicle to reduce his commuting costs.  He hoped to use the savings to take his family on vacations and other family-bonding activities.

CLASS ACTION COMPLAINT

15. On October 5, 2023, Esqueda applied for a $16,000 auto loan through Kinecta's website. Although Esqueda was not a member, he qualified for membership because he lived within one of Kinecta's qualifying zip codes. Esqueda received an automated email indicating that a loan officer was reviewing his application because they could not automatically qualify him for his loan request.

16. On October 6, 2023, Esqueda received an email indicating that Kinecta could not verify his identity, which was needed to open his account online. He received a third email a few hours later congratulating him because Kinecta had processed and approved his loan application. Esqueda received a fourth email from a Kinecta consumer lending specialist, Rosa Bergara ("Bergara"), who worked at Kinecta's Manhattan Beach location. The email reiterated that Esqueda was pre-approved for a $16,000 loan with a 6.99% interest rate, which could be lowered to 6.74% if he set up automatic payments from a Kinecta bank account. The email listed stipulations that needed to be met before proceeding with the loan, which included providing his driver's license, the signed purchase contract, and both sides of his signed social security card.

17. Esqueda submitted the requested documents but received no response. He called Bergara a week later and was told that his application was denied because he was not a permanent resident. Esqueda's wife, Yadira, went in-person to a Kinecta branch on East Century Blvd. seeking additional information. A Kinecta employee told her that the only way for Esqueda to qualify would be with an Individual Taxpayer Identification Number (ITIN). Yadira expressed confusion because Esqueda's social security number was valid. However, the representative insisted that the only option for Esqueda was to use an ITIN so that he could build credit until he could obtain a "real" social security number.

//

18. Esqueda was not offered membership and never received a written notice of credit denial. The loan application asked Esqueda to enter his account information from another bank to make a minimum five-dollar deposit, which was necessary to open a Kinecta account. However, Esqueda never received a welcome notice or login information and was never charged for that amount.

19. At the time that Esqueda applied for the loan he had a credit score of 780, but when he checked it again after Kinecta's denial it was 748. Esqueda was ultimately able to secure a loan elsewhere, but on much less favorable terms. The loan he obtained was for $18,466 with a finance charge of $6,158 and an interest rate of 9.84%.

20. Esqueda suffered harm as a result of Kinecta's denial of his loan application because of his alienage. Kinecta's rejection caused Esqueda to suffer damages, including compensatory damages, emotional distress, and negative effects on his credit score.

21. Kinecta's rejection caused Esqueda to feel the deleterious effects of discrimination.

22. Kinecta's denial of Esqueda's application because of its limited and arbitrary immigration-status requirement violates 42 U.S.C. § 1981.

23. Kinecta's denial of Esqueda's application because of his immigration status violates the California Unruh Civil Rights Act.

24. There is an actual and substantial controversy between Esqueda and Kinecta.

## CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

//

//

5

CLASS ACTION COMPLAINT

26. Plaintiff brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

27. Plaintiff seeks to represent the following nationwide Class ("National Class"), composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a financial product from Kinecta but were denied full and equal consideration by Kinecta on the basis of alienage.

28. Plaintiff additionally brings class allegations on behalf of a California subclass ("California Subclass") composed of and defined as follows:

> All persons who resided in California at the relevant time they applied for or attempted to apply for a financial product from Kinecta but were denied full and equal consideration by Kinecta on the basis of their immigration status.

29. Plaintiff may amend the above class definitions as this Court may permit or require. This action is filed and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

30. The potential members of the above National Class and California Subclass as defined are so numerous that joinder is impracticable.

31. On information and belief, Defendant's records contain information as to the number and location of the National Class and California Subclass members that would allow the class to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

32. There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiff or any other individual

Class Members. These common questions of law and fact include, without limitation:

    a.    Whether it is Kinecta's policy or practice to reject applicants for financial products on the basis of immigration status;

    b.    Whether Kinecta violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and the National Class on the basis of alienage;

    c.    Whether Kinecta violated the California Unruh Civil Rights Act by denying full and equal access to its services to Plaintiff and the California Subclass on the basis of immigration status;

    d.    Whether Plaintiff and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

    e.    Whether Plaintiff and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

33.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of federal and California laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

34.    Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

35.    Plaintiff has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

36.    Class certification is appropriate because Kinecta has acted and/or refused to act on grounds generally applicable to the members of the National Class and California Subclass. Kinecta's actions make appropriate declaratory,

equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

37. Kinecta excludes Class Members in the National Class and California Subclass outright from banking products and services on the basis of alienage and/or immigration status. The Class Members of the National Class and California Subclass are entitled to declaratory, equitable, and injunctive relief to end Kinecta's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

39. No other litigation concerning this controversy has been commenced by or against Class Members.

40. Class action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case. Under the applicable laws, Class Members have been damaged and are entitled to recovery of damages and statutory penalties because of Kinecta's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiff and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

//

41. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## FIRST CLAIM FOR RELIEF
### Alienage Discrimination
### (42 U.S.C. § 1981)

42. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

43. Plaintiff brings this claim on his own behalf and on behalf of the National Class.

44. Plaintiff and Class Members are persons within the jurisdiction of the United States.

45. Plaintiff and Class Members are aliens.

46. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

47. Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

48. Defendant intentionally discriminated against Plaintiff Esqueda and members of the Class on the basis of alienage by denying them access to financial products.

49. Defendant intentionally discriminated against Plaintiff and members of the Class by interfering with their right to make and enforce contracts for financial products on the basis of alienage.

//

50. Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff and Class Members request that the Court award them damages and issue a permanent injunction ordering Defendant to alter its policies and practices to prevent further violations on the basis of alienage.

51. Plaintiff and Class Members are now suffering, and will continue to suffer, irreparable injury from Kinecta's discriminatory acts and omissions.

**SECOND CLAIM FOR RELIEF**
**Violation of the Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

52. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

53. Plaintiff brings this claim on his own behalf and on behalf of the California Subclass.

54. Plaintiff and class members are persons within the jurisdiction of the State of California and resided in California at the time of Defendant's discriminatory acts.

55. Defendant conducts business within the jurisdiction of the State of California and is therefore obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, *et seq*.

56. Plaintiff and class members are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status, and no business establishment of any kind whatsoever may refuse to contract with Plaintiff and class members because of or due in part to their immigration status.

57. Defendant violated the Unruh Civil Rights Act by denying Plaintiff Esqueda and members of the California Subclass access to financial products free of discriminatory conditions imposed on the basis of their immigration status.

58. Under Section 52(a) of the Unruh Civil Rights Act, Plaintiff and members of the California Subclass are entitled to actual damages suffered, statutory damages of up to three times the amount of actual damages suffered per violation, but no less than $4,000, and attorneys' fees.

59. Under Section 52(c), Plaintiff requests that this Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Civil Rights Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Class he seeks to represent pray for relief as follows:

   i. Certification of the case as a class action on behalf of the proposed Class Members in the National Class and California Subclass;
   
   ii. Designation of Plaintiff as the class representative on behalf of the National Class and California Subclass;
   
   iii. Designation of Plaintiff's counsel of record as Class Counsel;
   
   iv. Declaratory judgment that Defendant's policies and practices complained of here are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;
   
   v. A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth herein;
   
   vi. Statutory and compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;
   
   vii. Reasonable attorneys' fees and costs to the extent allowable by law;
   
   viii. Such other and further relief as the Court deems just and proper.

Dated: May 3, 2024

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*/s/ Eduardo Casas*

Eduardo Casas
Thomas A. Saenz
Ernest Herrera
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*Attorneys for Plaintiff and the Proposed Class*