Thomas A. Saenz (Cal. Bar No. 159430)
Ernest Herrera (Cal. Bar No. 335032)
Eduardo Casas (Cal. Bar No. 346859)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
eherrera@maldef.org
ecasas@maldef.org

*Attorneys for Plaintiff
Rogelio Esqueda and the Proposed Classes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| ROGELIO ESQUEDA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KINECTA FEDERAL CREDIT UNION,<br><br>Defendant. | Case No: 2:24-cv-03697-WLH-BFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Action Filed: 05/03/2024**<br>**Answer Filed: 08/05/2024**<br>**Trial (Proposed): 08/25/2025**<br><br>**Scheduling Conference Date: September 13, 2024**<br>**Time: 01:00 PM**<br>**Courtroom 9B** |

1

Having met and conferred on August 22, 2024 pursuant to Federal Rule of Procedure 26(f), Local Rule 26-1, and this Court's Order Setting Scheduling Conference (Dkt. 14), Rogelio Esqueda ("Plaintiff" or "Esqueda") and Kinecta Federal Credit Union ("Defendant" or "Kinecta") (collectively, the "Parties"), through their respective counsel, submit this Joint Rule 26(f) Report.

**1. Statement of the Case**

This is a putative class action brought by Plaintiff Rogelio Esqueda against Defendant Kinecta Federal Credit Union, alleging discrimination in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981"), and the Unruh Civil Rights Act ("Unruh Act"), as codified by California Civil Code §§ 51, et seq.

Plaintiff is a DACA recipient who has continuously possessed an Employment Authorization Document and Social Security Number since 2013. Plaintiff alleges that he was unlawfully denied an auto loan after being initially pre-approved solely because Plaintiff is not a permanent resident. Plaintiff seeks damages, attorneys' fees and costs, and injunctive relief.

**2. Subject Matter Jurisdiction**

This Court has jurisdiction over this case under 28 U.S.C. § 1331 because this case involves a federal cause of action under 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1331 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Venue is proper in this district under 28 U.S.C. § 1391(b) because the claims alleged arouse from events or omissions occurring in the County of Los Angeles, which is within the Central District of California.

3. **Legal Issues**

    a. Whether Kinecta violated 42 U.S.C. § 1981 by denying Plaintiff and the National Class the full and equal right to contract;

    b. Whether Kinecta violated the California Unruh Civil Rights Act by denying Plaintiff and the California Subclass full and equal access to its services;

    c. Whether Plaintiff and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

    d. Whether Plaintiff and the Class Members are entitled to damages and any other available relief.

4. **Parties, Evidence, etc.**

    **a. Parties**

Plaintiff, Rogelio Esqueda; Defendant, Kinecta Federal Credit Union. Plaintiff does not intend to join any additional parties at this time.

    **b. Plaintiff's List of Percipient Witnesses**

Plaintiff believes that the following individuals likely have discoverable information on the main issues in the case (additional witnesses may be identified in the course of discovery):

- Plaintiff
- Plaintiff's wife, Yadira Esqueda
- The Kinecta employee from the Watts branch that spoke to Plaintiff's wife
- The loan officer who reviewed Plaintiff's application
- Rosa Bergara (Kinecta Consumer Lending Specialist)
- The branch manager for Kinecta's Manhattan Beach location.
- Defendant's "Person Most Knowledgeable" regarding lending policies and practices

### c. Plaintiff's Anticipated Key Documents

Plaintiff anticipates the following evidence: (1) Defendant's policies and procedures in effect when Plaintiff applied; (2) email communication from Kinecta to Plaintiff; (3) documents reflecting consideration of Plaintiff's (a) citizenship status; (b) permanent residency status; or (c) DACA status for an extension of loans; documents relating to Defendant's communications with or about Plaintiff; and (4) documents relating to Kinecta's instructions, guidance, and/or directions to, and/or corrections and/or training of Kinecta employees involved in promoting, reviewing, assisting and/or processing membership and automobile loan applications.

### d. Defendant's List of Percipient Witnesses

- Plaintiff Rogelio Esqueda
- Plaintiff's Wife, Yadira Esqueda
- Kinecta personnel with knowledge of Kinecta's consumer lending, underwriting, and membership policies, practices, and guidelines.
- Kinecta personnel with knowledge of Plaintiff's loan application.
- Kinecta personnel with knowledge regarding loans made to persons without regard to citizenship or immigration status.
- Any witness that may be disclosed by Plaintiff.

### e. Defendant's Anticipated Key Documents

Kinecta anticipates the following evidence: (i) documents concerning Kinecta's consumer loan application process, including application forms, decision letters, and other documents provided or requested by Kinecta during the consumer loan application process; (ii) documents concerning Kinecta's consumer lending and underwriting policies, practices, and guidelines; (iii) documents concerning Plaintiff's loan application, including documents requested by or provided to Kinecta and communications between Plaintiff and Kinecta; and (iv) documents and information regarding other loans made by Kinecta that were not declined but

involved individuals who were similar to Plaintiff in terms of citizenship and immigration status.

### 5. Damages

Plaintiff may require expert discovery to properly assess a range of damages. However, Plaintiff seeks compensatory damages and attorneys' fees and costs.

### 6. Insurance

Subject to and without waiving Kinecta's rights and privileges, Kinecta states that the following insurance company/companies may be liable to satisfy or indemnify Kinecta in connection with this action: TruStage Financial Group, Inc.

### 7. Motions

The Parties are unlikely to file motions seeking to add other parties or claims, transfer venue, or challenge the Court's jurisdiction. However, the Parties reserve the right to do so. The Parties may each move for partial or complete summary judgment regarding whether Defendant violated Section 1981 and/or the Unruh Act.

#### a. Class Certification Motion

The Parties propose to set a deadline for Plaintiff's Class Certification Motion on January 10, 2025.

### 8. Manual for Complex Litigation

The Parties do not view this case as a complex litigation matter. The Parties do not believe any specific procedures need to be adopted from the Manual for Complex Litigation.

### 9. Discovery

#### a. Status of Discovery

The Parties will comply with the initial disclosure requirements set forth in Rule 26(a) of the Federal Rules of Civil Procedure and have agreed that the exchange will occur on or by September 5, 2024. The Parties acknowledge their respective

continuing obligations to supplement all information required to be disclosed as initial disclosures under the Federal Rules of Civil Procedure.

### b. Discovery Plan

The Parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, subject to modification by agreement of the Parties or by Court order, as necessary under the circumstances. The Parties anticipate conducting all forms of discovery permitted under the Federal Rules of Civil Procedure, and they do not anticipate any need to deviate from the procedures or limits imposed by those Rules. However, the Parties reserve the right to request changes or limitations, where necessary, as the case progresses. The Parties agree that discovery should not be conducted in phases.

The Parties plan to serve written discovery and schedule depositions as soon as practicable. Through discovery, the Parties seek to identify the relevant witnesses, as well as to determine the merits of Plaintiff's specific allegations.

### c. Scope of Anticipated Discovery

Plaintiff anticipates that the scope of discovery shall include, without limitation, Defendant's policies and procedures, documents and communications related to Defendant's evaluation of Plaintiff's loan application.

### d. Discovery Cut-off

The Parties propose setting a discovery cut-off date on March 31, 2025.

### e. Expert Discovery

The Parties propose the following expert deadlines:
- Expert Disclosure (Initial): April 14, 2025
- Expert Disclosure (Rebuttal): April 28, 2025
- Expert Discovery Cut-Off: April 28, 2025

CLASS ACTION COMPLAINT

### f. Settlement Conference/Alternate Dispute Resolution

The parties have not engaged in settlement negotiations. Neither party has made a settlement demand. During the Rule 26(f) conference, the Parties discussed the possibility of early resolution and are open to later negotiation.

### g. Trial

#### i. Trial Estimate

Defendant has requested a jury trial. The Parties estimate trial to last approximately 2-3 days. Plaintiff contemplates calling approximately 5-7 witnesses at trial, however this number may vary depending on the information obtained by Plaintiff during discovery.

#### ii. Jury or Court Trial

Defendant has requested a jury trial.

#### iii. Consent to Trial before a Magistrate Judge

The Parties do not consent to trial before a magistrate judge.

#### iv. Lead Trial Counsel

Plaintiff will be represented by Eduardo Casas (lead), Ernest Herrera, and Thomas A. Saenz of the Mexican American Legal Defense and Educational Fund as counsel at trial.

Defendant will be represented by Stuart M. Richter of Katten Muchin Rosenman LLP.

### h. Independent Expert or Master

The Parties do not believe the case requires the appointment of a Master pursuant to Rule 53 or an independent scientific expert.

### i. Other issues

The parties do not anticipate other issues affecting the status or management of the case at this time.

Dated: August 30, 2024

Respectfully submitted,

                                MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*/s/ Eduardo Casas*
Eduardo Casas
Thomas A. Saenz
Ernest Herrera
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*Attorneys for Plaintiff and the Proposed Class*

8

CLASS ACTION COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants in this matter.

Dated: August 30, 2024

/s/ Eduardo Casas
Thomas A. Saenz
Ernest Herrera
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*Attorneys for Plaintiff and the Proposed Class*