Thomas A. Saenz (Cal. Bar No. 159430)
Ernest Herrera (Cal. Bar No. 335032)
Eduardo Casas (Cal. Bar No. 346859)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
         eherrera@maldef.org
         ecasas@maldef.org

*Attorneys for Plaintiff
and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ROGELIO ESQUEDA, an individual, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br><br>   vs.<br><br>KINECTA FEDERAL CREDIT UNION,<br><br>                   Defendant. | Case No: 2:24-CV-03697-WLH-BFM<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Hon. Wesley L. Hsu<br>Hearing Date: May 30, 2025<br>Hearing Time: 8:30 A.M.<br>Courtroom: 9B – 9th Floor |

## NOTICE OF UNOPPOSED MOTION

PLEASE TAKE NOTICE that on May 30, 2025 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9B at the United States District Court, Central District of California, 350 W. 1st Street, Los Angeles, California, Plaintiff Rogelio Esqueda, individually and as class representative on behalf of the Class, respectfully moves this Court for an order: (1) granting, under Rule 23(e) of the Federal Rules of Civil Procedure, final approval of the Parties' proposed class action settlement (the "Settlement"), and entry of judgment in accordance with the Settlement; and (2) granting, under Rule 23(a) and 23(b)(3), final class certification of the Settlement Class preliminarily certified in the Court's January 29, 2025 Preliminary Approval Order.  Dkt. 25.

Plaintiff makes this motion on the grounds that the Settlement is fair, adequate, and reasonable, was achieved through good faith, arms-length negotiations, and has drawn a highly favorable response from the Class, as described in the attached memorandum.  The Settlement Agreement provides two important forms of relief for Class Members: (1) corrective action where Kinecta will no longer deny applications for Financial Products (as defined in the Settlement Agreement) solely on the basis of the applicant's alienage or immigration status, and Kinecta has changed its underwriting policies to allow individuals to be evaluated for Financial Products on the same terms as U.S. citizens (subject to applicable federal and state

1  laws and regulations); and (2) a Settlement Fund of $77,500 to compensate Class

2  Members.

3      This Motion is noticed to be heard with Plaintiff's Unopposed Motion for

4  Approval of Attorneys' Fees, Costs, and Service Award.   Dkt. 26.   The Court

5  preliminarily approved the Settlement Agreement on January 29, 2025.   Dkt. 25.

6  Since then, Notice was provided to the Class Members.   No Class Members have

7  opted out of the Settlement, and no Class Members have objected to the Settlement.

8      This Motion is based on this notice of motion; the memorandum in support of

9  the unopposed motion; the Declaration of Eduardo Casas ("Casas Decl."); the

10  Declaration of Melissa E. Baldwin for RG2 Claims Administration LLC ("RG2

11  Decl."); the Court's record of this action; all matters of which the Court may take

12  notice; and any oral evidence presented at the final approval hearing on the motion.

13

14   Dated: April 29, 2025                    Respectfully Submitted,

15                                            MEXICAN AMERICAN LEGAL
16                                            DEFENSE AND EDUCATIONAL
                                              FUND

17                                            */s/ Eduardo Casas*
18                                            Eduardo Casas
                                              Thomas A. Saenz
                                              Ernest Herrera
19
                                              *Attorneys for Plaintiff*
20                                            *and the Proposed Class*

21

## **TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION………………………………………………………1-3

II.   RELEVANT BACKGROUND…………………………….…………3-9

   A. Settlement Negotiations and Preliminary Approval……………………4-5

   B. Settlement Overview……………………………………………………4-5

     *1. Corrective Action*………………………………………………………..5

     *2. Monetary Relief*…………………………………………………………5

   C. The Settlement Class……………………………………………………6

   D. Notice and Claims Process………………………………………………7-8

   E. CAFA Notice Requirements Were Satisfied………………………………9

III.  ARGUMENT………………………………………………………9-23

   A. The Best Practicable Notice of Settlement Has Been Provided ……….9-11

   B. Final Certification of the Rule 23 Class is Proper…………………………9

   C. Final Approval of the Class Action Settlement Should Be Granted Because the Settlement is Fair, Adequate, and Reasonable Under Rule 23……11-23

     *1. Plaintiff Faced Substantial Obstacles to Recovery*………………...13-14

     *2. The Risk, Expense, Complexity, and Delay of Further Litigation Support Final Approval*…………………………………………………14-16

     *3. Plaintiff Faced a Risk that the Court Would Deny Class Certification*……………………………………………...............16

     *4. The Settlement Amount is Appropriate*……………………………..17-19

     *5. The Extent of Discovery Supports Settlement*………………………19

     *6. Class Counsel's Experience and Views Support Approval*………...19-20

     *7. Class Members Have Reacted Positively to the Settlement*………..20-21

     *8. The Requirements for Approval under Rule 23(e)(2) Are Met*……..21-23

IV.   CONCLUSION……………………………………………………23-24

- i -

1

# **TABLE OF AUTHORITIES**

2

Cases                                                                                          Page(s)

3

*Betancourt v. Advantage Human Resourcing, Inc.*,
  2016 WL 344532 (N.D. Cal. Jan. 28, 2016) ................................................14, 18

4

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ...................................................................19

5

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017) ..........................................................................10

6

*Chun-Hoon v. McKee Foods Corps.*,
  716 F.Supp.2d 848 (N.D. Cal. 2010) ...............................................................14

7

*Churchill Village, LLC v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ..............................................................................9

8

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) .....................................................................12, 16

9

*Cotter v. Lyft, Inc.*,
  176 F.Supp.3d 930 (N.D. Cal. 2016) .........................................................14, 17

10

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) ..........................................................................................10

11

*Ellis v. Naval Air Rework Facility*,
  87 F.R.D. 15 (N.D. Cal. 1980) .........................................................................20

12

*Fernandez v. Victoria Secret Store*, LLC,
  2008 WL 8150856 (C.D. Cal. July 21, 2008) .................................................22

13

*Ford v. CEC Entm't Inc.*,
  2015 WL 11439033 (S.D. Cal. Dec. 14, 2015) ...............................................11

14

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...............................................................12, 13, 21

15

*In re Cendant Litig.*,
  264 F.3d 201 (3rd Cir. 2001) ............................................................................22

16

*In re Lorazepam*,
  205 F.R.D. 369 (D.D.C. 2002) .........................................................................16

17

*In re Mego Fin. Corp.*,
  213 F.3d 454 (9th Cir. 2000) ......................................................................15, 19

18

*In re Omnivision Techs., Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. 2008) .............................................................12

19

*In re Pac. Enters. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) ..............................................................................20

20

*In re Warfarin Sodium Antitrust Litig.*,
  212 F.R.D. 231 (D. Del. 2002) .........................................................................15

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:24-CV-03697-WLH-BFM

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998) .................................................................19

*Lopez-Valenzuela v. Maricopa County*,
   2015 WL 12811366 (D. Ariz. June 25, 2015) ......................................22

*Ma v. Covidien Holding, Inc.*,
   2014 WL 360196 (C.D. Cal. Jan. 31, 2014) .........................................18

*Mullins v. Direct Digital, LLC*,
   795 F.3d 654 (7th Cir. 2015) .................................................................10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ............................................................3

*Officers for Justices v. Civil Serv. Com'n of City & Cty. of S.F.*,
   668 F.2d 615 (9th Cir. 1982) ...........................................................17, 19

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) .................................................13, 20, 23

*Roes, 1-2 v. SFBSC Mgmt., LLC*,
   944 F.3d 1035 (9th Cir. 2019) ...............................................................13

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................12

*Stovall-Gusman v. W.W. Granger, Inc.*,
   2015 WL 3776765 (N.D. Cal. June 17, 2015) ......................................18

*Tumampos v. Cathay Pac. Airways LTD.*,
   2018 WL 5603702 (N.D. Cal. Sept. 21, 2018) .....................................16

*United States v. Armour & Co.*,
   402 U.S. 673 (1971) ..............................................................................17

*Valdez v. Neil Jones Food Co.*,
   2016 WL 4247911 (E.D. Cal. Aug. 10, 2016) ......................................12

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976) ...........................................................11, 15

**Statutes**

28 U.S.C. § 1715 ...........................................................................................9

28 U.S.C. § 1715(d) ......................................................................................9

42 U.S.C. § 1981 ...........................................................................................1

Cal. Civ. Code § 52 .......................................................................................1

1    Rules

2    Fed. R. Civ. P. 23 ...............................................................................................11

3    Fed. R. Civ. P. 23(a) ..........................................................................................11

4    Fed. R. Civ. P. 23(b)(3) .................................................................................10, 11

5    Fed. R. Civ. P. 23(c)(2)(B) ..................................................................................9

6    Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi) ....................................................................10

7    Fed. R. Civ. P. 23(e)(1)(B) ..................................................................................9

8    Fed. R. Civ. P. 23(e)(2)(A) ................................................................................21

9    Fed. R. Civ. P. 23(e)(2)(B) ................................................................................22

10    Fed. R. Civ. P. 23(e)(2)(C) ................................................................................23

11    Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv) .....................................................................13

12    Fed. R. Civ. P. 23(e)(2) .................................................................................12, 21

13    Other Authorities

14    4 A. Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th ed. 2002) ...................................................................................................................12

15

16

17

18

19

20

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:24-CV-03697-WLH-BFM

## <u>MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR FINAL</u>

## <u>APPROVAL OF CLASS SETTLEMENT</u>

## I.    INTRODUCTION

Plaintiff Rogelio Esqueda ("Plaintiff"), individually and as class representative on behalf of the Class, respectfully requests final approval of this Settlement of the claims brought against Defendant Kinecta Federal Credit Union ("Kinecta") by a class of individuals who were previously ineligible for Financial Products because of their lack of U.S. citizenship and/or immigration status. Plaintiff's Complaint alleges that Kinecta's prior policies violated 42 U.S.C. § 1981 ("Section 1981") and the California Unruh Act, Cal. Civ. Code § 52 ("Unruh Act"). *See* Dkt. 1.  Plaintiff filed this case so that he and others similarly situated could have the opportunity to apply and be considered for Financial Products (as defined in the Settlement Agreement) based on considerations applicable to all other applicants, not solely based on their alienage and/or immigration status.

This Settlement, for which Plaintiff respectfully seeks final approval, addresses the precise policy underlying Plaintiff's claims of discrimination.  Kinecta has agreed not to deny Financial Products to applicants solely on the basis of their lack of U.S. citizenship and/or immigration status, and Kinecta has changed its underwriting policies to allow individuals to be evaluated for loans and other credit products on the same terms as U.S. citizens (subject to applicable federal and state

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**        Case No: 2:24-CV-03697-WLH-BFM

laws and regulations), fully eliminating the harm challenged by the lawsuit for future applicants. The Settlement also provides for monetary relief in the form of a Settlement Fund in the amount of $77,500 for Class Members. Subject to Court Approval, Kinecta also has agreed to pay attorneys' fees, costs of litigation incurred by Plaintiff's counsel, and a service award for Plaintiff. Kinecta has agreed not to oppose an application for attorneys' fees and costs up to $50,000, and a service award of up to $5,000. Plaintiff seeks approval of an award of attorneys' fees in the amount of $34,920, an award of costs in the amount of $405, and $5,000 service award to Plaintiff. Kinecta has also agreed to pay the cost of settlement administration, which will be up to $13,000. *See* Dkt. 21-2, Settlement Agreement and Release ("SA") § 11(d)(iii).

The Settlement, which the Court preliminarily approved on January 29, 2025, was reached after more than several months of extensive negotiation, and has received a positive response from the Class. Starting February 28, 2025, the Settlement Administrator sent notices to Class Members. RG2 Decl. ¶ 7. After conducting a skip-trace, none of the notices remain undeliverable. *Id.* at ¶ 9. No Class Members have submitted an exclusion or objection. *Id.* at ¶¶ 13, 14.

This Settlement provides monetary relief to Class Members and is the product of diligent efforts of Class Counsel to obtain the best possible result for the Class. The Settlement is fair, adequate, and reasonable, and provides excellent relief to the

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:24-CV-03697-WLH-BFM

Class.  Significantly, there are no objections to the settlement.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").  Therefore, Plaintiff respectfully requests that the Court confirm as final the certification of the Class, and enter an order granting final approval of the Settlement; award of attorneys' fees and costs; settlement administration costs; and service award.

## II.    RELEVANT BACKGROUND

As described in Plaintiff's Unopposed Motion for Preliminary Settlement Approval [Dkt. 21], and Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, and Service Award [Dkt. 26], Class Counsel has dedicated time and resources to this contested litigation and has engaged in good faith, arms-length settlement negotiations, resulting in significant relief to the Class.[1]  *See* Dkt. 21-1, Declaration of Thomas A. Saenz ("Saenz Decl.") ¶¶ 16.  The Settlement achieved by Class Counsel is procedurally sound: (a) having been reached after more than several months of good faith, arms-length negotiation; (b) with no parallel litigation that

---

[1] A full discussion of the relevant factual and procedural background is set forth in Plaintiff's Unopposed Motion for Preliminary Approval [Dkt. 21], and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Costs, and Service Award [Dkt. 26].

- 3 -

1  could give rise to concerns regarding the settlement; and (c) notice of settlement in

2  accordance with the Court's Preliminary Approval Order.  *See* Casas Decl. ¶¶ 14–

3  18.

4  **A. Settlement Negotiations and Preliminary Approval**

5  Over a period of several months, the Parties engaged in negotiations and

6  exchanged informal discovery.  The Parties exchanged multiple offers and counter-

7  offers over this period, during which they reached a tentative agreement on the

8  material terms of a settlement, and thereafter the Parties filed a Notice of Settlement

9  and vacated all dates and deadlines pending the motion for preliminary approval.

10 Dkt. 19.

11 Following the notice of settlement, the Parties spent the next several months

12 diligently negotiating the specific terms of the Settlement Agreement and

13 accompanying notice documents.  *See* Casas Decl. ¶¶ 14–15.  Kinecta agreed not to

14 oppose an application for attorneys' fees and costs up to $50,000.  Fees and costs

15 will not be paid out of the Settlement Fund.   *See id.* at ¶ 26.

16 Class Counsel then participated in drafting and filing the preliminary approval

17 brief, and the accompanying notice documents: long- and short-form notices, and

18 Spanish and English instructions. Dkts. 21, 21-1 to 21-4. The Court granted

19 preliminary approval on January 29, 2025.  Dkt. 25.

20

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**       Case No: 2:24-CV-03697-WLH-BFM

## B. Settlement Overview

### 1. Corrective action

The most significant aspect of the Settlement that Plaintiff was able to achieve is that Kinecta has modified its policies and will no longer deny applicants Financial Products on the basis of their immigration status, and applicants will be evaluated on the same terms as U.S. citizen applicants (the "Corrective Action"). *See* SA § 2. By updating these requirements, this policy change eliminates the precise harm that Plaintiff challenged through this suit. Kinecta is a large credit union that serves customers across California and New York. Plaintiff expects that these changes will have a broader positive impact in the United States.

### 2. Monetary relief

In addition to Corrective Action, Kinecta has agreed to create a Settlement Fund of $77,500 that will cover individual payments to the 31 Class Members; and (b) subject to Court approval, pay a Service Award in the total amount of $5,000. SA §§ 1(e), (n), (u) and 11(d)(ii). In addition to the Settlement Fund, Kinecta has further agreed to pay Class Counsel's attorneys' fees and costs, subject to Court approval. Plaintiff is applying for an award of fees and costs in the amount of $35,325. Plaintiff is also applying for a service award in the amount of $5,000 and seeks approval of an order permitting Kinecta to pay up to $13,000 in settlement administration expenses to RG2. *See* SA § 11(d)(iii).

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:24-CV-03697-WLH-BFM

The notice plan was reasonably calculated to give notice to Class Members and meets the requirements of due process. On February 28, 2025, RG2 sent notices to the 31 Class Members. RG2 Decl. ¶ 7. Five of the mailed notices were returned as undeliverable. *Id.* at ¶ 9. RG2 conducted a skip-trace and mailed the four notices that did not have return addresses to the updated addresses. *Id.* None of the notices remain undeliverable. *Id.* The deadline to opt-out or object to the Settlement was April 14, 2025. *Id.* at ¶ 12. RG2 has not received any exclusion or objection. *Id.* at ¶¶ 13, 14. Each Class Member will receive $2,500. SA § 11(d)(iv).

**C. The Settlement Class[2]**

On January 29, 2025, the Court preliminarily approved certification of the proposed Settlement Class, defined as follows:

- "Class Member(s)" shall mean the 31 individuals who, according to Defendant's records: (i) applied for a Financial Product from May 3, 2022 through May 3, 2024; (ii) were legally residing in the United States at the time they applied; and (iii) were denied such Financial Product solely due to their alienage or immigration status.

SA § 1(e); Dkt. 25. Consistent with the Court's order granting preliminary certification, Plaintiff seeks final certification of the Class.

---

[2] Class Counsel proposes TheDream.US and Immigrants Rising as cy pres recipients. TheDream.US is the nation's largest college and career success program for undocumented immigrants and has provided more than 10,000 scholarships to DACA recipients. Immigrant Rising transforms the lives of undocumented people through college scholarships and resources, as well as career counseling. Both organizations will serve Class Members and similarly-situated individuals, and the interests of the Class.

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:24-CV-03697-WLH-BFM

### D. Notice and Individual Payments

The Parties have followed the Court-approved notice plan, as set forth in the Settlement Agreement, and the Court's Preliminary Approval Order entered on January 29, 2025. *See* SA § 5; Dkt. 25.

On January 17, 2025, Kinecta sent RG2 the Settlement Class List consisting of 31 individuals. RG2 Decl. ¶ 5. The list contained each Class Member's name, contact information, and social security numbers. *Id*. RG2 reviewed the records and ran the mailing file through the U.S. Postal Service's National Change of Address Database. *Id.* at ¶ 7. Concurrent to the mailing, RGS also emailed the Notice to the Class Members for whom email addresses were provided in the class data. *Id.* at ¶ 8.

Beginning on February 28, 2025, RG2 mailed the Court-approved notice packet to all 31 Class Members via USPS first-class mail. RG2 Decl. ¶ 7. The Notice Packet consisted of the Notice, and English and Spanish instructions. *Id.* Of these mailed Notice Packets, five were returned as undeliverable. *Id.* at ¶ 9. Of the five returned Notices, one Notice was returned with a forwarding address and expeditious re-mailed to the Class Member. *Id*. RG2 performed a skip-trace and identified updated addresses for the remaining four undeliverable notices. *Id.* RG2 re-mailed Notices to the four Class Members under skip-tracing. *Id.* None of the re-mailed Notices have been returned by USPS as undeliverable. *Id.* A total of zero

1    Notices remain undeliverable.  *Id.*   100% of Class Members received the Notice

2    Packet.  *Id.*

3         Consistent with best practices, RG2 maintained a website containing

4    downloadable versions of the Long- and Short-Form Notices in English and Spanish,

5    Settlement Agreement, Preliminary Approval Order, and brief summary of the

6    Settlement.  RG2 Decl. ¶ 6.  The website has a "Contact Us" page that provides the

7    mailing address, phone number and email address to contact RG2 and Class Counsel.

8    *Id.*  RG2 also created a toll-free number to speak with a live bilingual operator.  *Id.*

9    at ¶ 10.  Class Members may leave a message for RG2 to call them back through an

10   automated Spanish recording.  *Id.*

11        The Settlement does not require Class Members to submit a claim or take any

12   action to collect the individual payments under the Settlement.  *See* SA § 11(d)(iv).

13   Within 10 days of the Effective Date, the Settlement Administrator will mail a check

14   in the amount of $2,500 to each Class Member, and all checks must be cashed within

15   120 days after the Settlement Administrator issued the checks.  *Id.*

16        RG2 sent Notices to Class Members starting February 28, 2025.  RG2 Decl.

17   ¶ 7.  After conducting a skip-trace, none of the Notices have been returned as

18   undeliverable.  *Id.*  The deadline to opt out or object to the Settlement was April 14,

19   2025.  *Id.* at ¶ 12.  RG2 has not received any exclusion or objection.  *Id.* at ¶¶ 13, 14.

20   The Effective Date is 30 days after the entry of the Final Approval Order.  SA § 1(h).

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**          Case No: 2:24-CV-03697-WLH-BFM

### E. CAFA Notice Requirements Were Satisfied

In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715, RG2 served CAFA notices to the to the United States Attorney General, the applicable State Attorney Generals and the National Credit Union Administration on January 9, 2025.  RG2 Decl. ¶ 4.  The Final Approval Hearing, set for May 30, 2025, is being held more than 90 days after the issuance of the CAFA notice, such that the final approval order may be entered in accordance with CAFA's notice requirements if the Court finds that all other requirements are met.  28 U.S.C. § 1715(d).

## III.    ARGUMENT

### A. The Best Practicable Notice of Settlement Has Been Provided

The notice here was the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and was provided "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).  Notice is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal citation and quotation marks omitted).  Notice mailed to each class member "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 157

1   (1974). "'[T]he rule does not insist on actual notice to all class members in all cases'

2   and 'recognizes it might be impossible to identify some class members for purposes

3   of actual notice.'"  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir.

4   2017) (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015)).

5   For any class certified under Rule 23(b)(3), the notice must inform class members

6   "that the court will exclude from the class any member who requests exclusion,"

7   stating "the time and manner for requesting exclusion."   Fed. R. Civ. P.

8   23(c)(2)(B)(v)-(vi).

9        As described above, the mailing of Notices to Class Members and the

10  administration of the notice process ensured that the best notice practicable was

11  provided to Class Members.  The Notice List was developed from a database of

12  Kinecta applicants who were denied Financial Products based on their alienage or

13  immigration status.  *See* RG2 Decl. ¶ 5.  The Notice was easily understandable and

14  available in English and Spanish, and included contact information of Class Counsel,

15  the address for the settlement administration website, and instruction on how to

16  access the settlement website.

17       The Parties and the Settlement Administrator have complied with the Court-

18  approved notice plan, as set forth in the Settlement Agreement, and the Court's

19  Preliminary Approval Order.  *See* SA § 5; Dkt. 25.  Because Class Members have

20  been given a full and fair opportunity to consider the terms of the proposed

21

- 10 -

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**       Case No: 2:24-CV-03697-WLH-BFM

Settlement and make an informed decision on whether to participate, the Notice was
adequate and the best practicable.  *See Ford v. CEC Entm't Inc.*, No. 14-CV-677,
2015 WL 11439033, at *3 (S.D. Cal. Dec. 14, 2015) (finding notice standards
satisfied when claims administrator provided notice in accordance with the
procedures previously approved by the court in its preliminary approval order).

### B. Final Certification of the Rule 23 Class is Proper

At the preliminary approval stage, the Court preliminarily certified the
Settlement Class under Rule 23(a) and 23(b)(3).  Dkt. 25.  The Court also
preliminarily appointed Plaintiff as Class Representative, and preliminarily
appointed Plaintiff's counsel, MALDEF, as Class Counsel.  *See id.*

For the reasons outlined in Plaintiff's Unopposed Motion for Preliminary
Approval and the Court's Preliminary Approval Order, the Class, Class
Representative, and Class Counsel satisfy the requirements under Rule 23 for
settlement purposes. *See* Dkts. 21, 25.  Plaintiff respectfully requests that the Court's
preliminary certification decision be confirmed as final.

### C. Final Approval of the Class Action Settlement Should Be Granted Because the Settlement is Fair, Adequate, and Reasonable Under Rule 23

At the outset, public policy strongly favors the resolution of litigation through
settlement.  This is "particularly true in class action suits." *Van Bronkhorst v. Safeco
Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (footnote omitted); *see also Class Plaintiffs*

1   *v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a

2   "strong judicial policy that favors settlement, particularly where complex class

3   action litigation is concerned"); *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036,

4   1041 (N.D. Cal. 2008) ("[T]he court must also be mindful of the Ninth Circuit's

5   policy favoring settlement, particularly in class action law suits.").  Indeed, "[i]n

6   most situations, unless the settlement is clearly inadequate, its acceptance and

7   approval are preferable to lengthy and expensive litigation with uncertain results."

8   *Valdez v. Neil Jones Food Co.*, No. 1:13-cv-00519, 2016 WL 4247911, at *7 (E.D.

9   Cal. Aug. 10, 2016) (quoting 4 A. Conte & H. Newberg, Newberg on Class Actions,

10  § 11:50 at 155 (4th ed. 2002)).

11       The touchstone for the final approval inquiry is whether the settlement is "fair,

12  adequate and reasonable," recognizing that "it is the settlement taken as a whole,

13  rather than the individual components parts, that must be examined for overall

14  fairness." *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon*

15  *v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal quotation marks

16  and alternations omitted)).  Under Fed. R. Civ. P. 23(e)(2), a court must consider

17  "(A) the class representatives and class counsel have adequately represented the

18  class; (B) the proposal was negotiated at arms' length; (C) the relief provided for the

19  class is adequate … [and] (D) the proposal treats class members equitably to each

20  other."  In analyzing whether class relief is adequate, courts must consider the costs,

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**      Case No: 2:24-CV-03697-WLH-BFM

1  risks, and delay of trial and appeal; the method of processing class member claims

2  and distributing relief; the terms of any attorneys' fee awards; and any agreement

3  made in connection with the settlement proposal.  Fed. R. Civ. P. 23(e)(2)(C)(i)-(iv);

4  23(e)(3).

5      This standard overlaps with the requirements set forth in *Hanlon v. Chrysler*

6  *Corp.*, which requires courts to balance the following factors in assessing a class

7  action settlement proposal:

8      [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity,
        and likely duration of further litigation; [3] the risk of maintaining class
9      action status throughout the trial; [4] the amount offered in settlement;
        [5] the extent of discovery completed and the stage of the proceedings;
10     [6] the experience and views of counsel; [7] the presence of a
        governmental participant; and [8] the reaction of the class members to
11     the proposed settlement.

12  *Hanlon*, 150 F.3d at 1026; *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963

13  (9th Cir. 2009) (same).  The inquiry required upon settlement is "heightened" where

14  a case is settled prior to formal class certification.  *See Roes, 1-2 v. SFBSC Mgmt.,*

15  *LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019).  Here, the *Hanlon* factors weigh in favor

16  of granting final approval.

17      **1.  *Plaintiff Faced Substantial Obstacles to Recovery***

18      The Parties balanced "plaintiff's expected recovery […] against the value of

19  the settlement offer," taking into account "the relative strengths and weaknesses of

20  the plaintiffs' case."  *Cotter v. Lyft, Inc.*, 176 F.Supp.3d 930, 935 (N.D. Cal. 2016)

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**       Case No: 2:24-CV-03697-WLH-BFM

(internal citation and quotation marks omitted).  "Approval of a class settlement is appropriate when 'there are significant barriers plaintiffs must overcome in making their case.'"  *Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-cv-01788, 2016 WL 344532, at *4 (N.D. Cal. Jan. 28, 2016) (quoting *Chun-Hoon v. McKee Foods Corps.*, 716 F.Supp.2d 848, 851 (N.D. Cal. 2010)).

Here, while Plaintiff believes that he can prevail on all issues and recover full damages and relief for himself and on behalf of the class he represents, he would have to certify a class by successfully overcoming Kinecta's anticipated opposition to class certification, prevail on dispositive motions, and prevail at trial.  The risk here is significant because Plaintiff's claims raised a relatively novel theory with numerous unsettled issues.  In addition, Kinecta may argue that it did not have a uniform policy of denying Financial Products to DACA recipients and other immigrants, argue that many members of the putative class may have been ineligible for Financial Products for reasons other than alienage or immigration status, or argue that its underwriting policies are justified because of applicants' non-permanent U.S. resident status.  In light of these obstacles, the Settlement offers excellent value to Class Members.

### 2.  The Risk, Expense, Complexity, and Delay of Further Litigation Support Final Approval

The risk, expense, complexity and duration of continued litigation favor settlement.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

1    Courts consider "the probable costs, in both time and money, of continued

2    litigation." *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 254 (D. Del.

3    2002) (quoting *In re Cendant Litig.*, 264 F.3d 201, 233 (3rd Cir. 2001)).  In most

4    cases, "unless the settlement is clearly inadequate, its acceptance and approval are

5    preferable to lengthy and expensive litigation with uncertain results." *DIRECTV*,

6    221 F.R.D. at 526.  According to the Ninth Circuit, "there is an overriding public

7    interest in settling and quieting litigation […] particularly […] in class action suits

8    which are now an ever increasing burden to so many federal courts and which

9    frequently present serious problems of management and expense." *Van Bronkhorst*,

10   529 F.2d at 950.

11        Here, absent settlement, final resolution of this case would take years and

12   would require significant expenditure of resources.  Such a delay would likely

13   increase the number of Class Members who would be untraceable.  Settlement saves

14   Class Members from the significant risk of no recovery, the cost of individual

15   litigation, and the delay inherent in further litigation and possible appeals.  Plaintiff's

16   claims in this action are highly complex, both procedurally and substantively.

17   Settling Class Members' claims saves the Parties from completing briefing on class

18   certification and motion practice, as well as going to trial.  For these reasons, the law

19   favors settlements, especially when complex class litigation is concerned.  *See Class*

20   *Plaintiffs*, 955 F.2d at 1276 (describing the "strong judicial policy that favors

21

- 15 -

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:24-CV-03697-WLH-BFM

settlements, particularly where complex class action litigation is concerned.").  This

principle is particularly true, where, as here, Plaintiff's claims present "novel legal

questions."  *Tumampos v. Cathay Pac. Airways LTD.*, No. 16-CV-06208, 2018 WL

5603702, at *5 (N.D. Cal. Sept. 21, 2018).  Litigation of Plaintiff's claims would

come with substantial risks involving certification issues, liability, prevailing at trial,

and collecting any significant recovery.

### 3.  *Plaintiff Faced a Risk that the Court Would Deny Class Certification*

As noted above, Plaintiff would have risked an adverse decision had this

action proceeded to the class certification stage.  Although Plaintiff believes that this

case is well-suited for resolution on a class-wide basis because it involves Kinecta's

uniform policy of denying Financial Products to applicants solely on the basis of

their alienage and/or immigration status, Kinecta was likely to argue that individual

issues predominate over questions that are common to the class, and that the ability

to make exceptions to its uniform policy defeated commonality.  Further, Kinecta

might have argued that Class Members' claims cannot be tried collectively based on

individualized differences in their applications to prevent a finding of predominance.

Resolving these issues would require extensive factual determinations and motion

practice.

### 4.  *The Settlement Amount is Appropriate*

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**   Case No: 2:24-CV-03697-WLH-BFM

1   "[P]erhaps the most important factor" courts consider in determining whether

2   to grant approval is "plaintiffs' expected recovery balanced against the value of the

3   settlement offer." *Cotter*, 176 F.Supp.3d at 935 (internal quotation marks omitted).

4   The settlement amount, as with any settlement, represents a compromise between

5   receiving full damages and other relief on the one hand, and total defeat on the other.

6   "Naturally, the agreement reached normally embodies a compromise; in exchange

7   for the saving of cost and elimination of risk, the parties each give up something they

8   might have won had they proceeded with litigation." *Officers for Justices v. Civil*

9   *Serv. Com'n of City & Cty. of S.F.*, 668 F.2d 615, 624 (9th Cir. 1982) (quoting *United*

10  *States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971)).   Given the risks and

11  complexity of this litigation, and the cost savings obtained through settlement, the

12  settlement amount is fair and adequate.  The monetary and corrective action provides

13  excellent value for Class Members.

14  Class Members will receive $2,500 per denial, which amounts to 63% of the

15  $4,000 statutory damages available under the Unruh Act for each discriminatory act.

16  *See* SA § 1(n); Cal. Civil Code § 52(a).  In light of the risks of an adverse judgement

17  on the merits, class certification or appeal, these payments provide an excellent value

18  to Class Members.

19  The Settlement provides Class Members with a substantial portion of their

20  maximum possible recovery, along with Corrective Action that effectively

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**      Case No: 2:24-CV-03697-WLH-BFM

eliminates the harm that Plaintiff alleged.  The financial compensation to Class Members of a substantial portion of the potential recovery at trial constitutes an exceptional result that supports approving the Settlement.  *See Betancourt*, 2016 WL 344532, at *5 (granting final approval of settlement providing approximately 9.7% of total maximum potential recovery if class members had prevailed on all claims); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-CV-02540, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (finding that a settlement constituting 7.3% of plaintiff's estimated trial award to be "within the range of reasonableness") (quoting *Ma v. Covidien Holding, Inc.*, No. 12-02161, 2014 WL 360196, at *5 (C.D. Cal. Jan. 31, 2014)).

Plaintiff also obtained the maximum degree of Corrective Action that Class Members could possibly obtain, which entirely eliminates any future harm.  Kinecta has agreed to change its underwriting policy and no longer deny applicants Financial Products solely on the basis of their alienage or immigration status.  Immigrants nationwide—not just Class Members—will potentially benefit from this Corrective Action, enabling hundreds of individuals to apply for Financial Products Loans with Kinecta.  The Settlement represents an excellent result, as even "a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair […] where monetary relief is but one form of the relief requested by the plaintiffs."  *Officers for Justice*, 688 F.2d at 628.

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**      Case No: 2:24-CV-03697-WLH-BFM

1 Accordingly, the Settlement amount and corrective action strongly favors granting

2 final approval.

### 5. The Extent of Discovery Supports Settlement

4       A settlement requires adequate discovery.  The touchstone of the analysis is

5 whether "the parties have sufficient information to make an informed decision about

6 settlement," including formal and informal discovery.  *In re Mego*, 213 F.3d at 459

7 (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

8 Here, Plaintiff has pursued these claims diligently for several months, conducting

9 informal and confirmatory discovery.  The discovery exchanges reached a stage

10 where Plaintiff and Class Counsel could make an intelligent evaluation of the

11 litigation risks and benefits of settlement.  Therefore, the settlement results from

12 Class Counsel's informed judgment about the strengths and weaknesses of the

13 claims.

### 6. Class Counsel's Experience and Views Support Approval

15       "The recommendations of plaintiffs' counsel should be given a presumption

16 of reasonableness."  *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

17 "Great weight is accorded to the recommendation of counsel, who are most closely

18 acquainted with the facts of the underlying litigation."  *See DIRECTV*, 221 F.R.D.

19 at 528 (citation and internal quotation marks omitted).  "[P]arties represented by

20 competent counsel are better positioned than courts to produce a settlement that

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**        Case No: 2:24-CV-03697-WLH-BFM

1  fairly reflects each party's expected outcome in litigation." *Rodriguez*, 563 F.3d at

2  967 (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)); *Ellis*

3  *v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that

4  experienced counsel involved in the case approved the settlement after hard-fought

5  negotiations is entitled to considerable weight.").

6      Here, Class Counsel endorse the Settlement as fair, adequate, and reasonable.

7  Class Counsel is experienced and capable of handling complex federal civil ligation,

8  with extensive experience in prosecuting and litigating civil rights actions. Casas

9  Decl. ¶¶ 4–8. Based on their experience and weighing all of the above factors, Class

10  Counsel concluded that the settlement is a favorable result that is in the best interest

11  of Class Members.

12      ***7. Class Members Have Reacted Positively to the Settlement***

13      Class Members in this case have reacted very positively to the Settlement.

14  Kinecta identified 31 Class Members. *See* RG2 Decl. ¶ 7. Kinecta then sent a

15  Settlement Class List consisting of 31 individuals to RG2. *Id* at ¶ 5. After

16  conducting a skip-trace, none of the Notices have remain undeliverable. *Id.* at. ¶ 9.

17      No Class Members have opted out of the Settlement, and none have objected

18  to any part of the Settlement, including the overall monetary relief achieved and the

19  amounts allocated to attorneys' fees and costs, and service award. RG2 Decl. ¶¶ 13–

20  14. The lack of objections and opt-outs is a strong positive reaction, favoring a

21

- 20 -

finding that the Settlement is fair and should be approved.  *See DIRECTV*, 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").  "Settlement is the offspring of compromise; the question [courts] address is not whether the final product could be prettier, smarter, or snazzier, but whether it is fair, adequate and free from collusion."  *Hanlon*, 150 F.3d at 1027.  Here, "the fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."  *Id.* Accordingly, the Court should grant final approval.

### 8.  *The Requirements for Approval under Rule 23(e)(2) Are Met*

As noted above, Fed. R. Civ. P. 23(e)(2) specifies several requirements for approval of a class action settlement.  Plaintiff has meet each of those requirements.

First, the Class Representative and Class Counsel must have adequately represented the Class. Fed. R. Civ. P. 23(e)(2)(A).  As set forth in greater detail in the Unopposed Motion for Preliminary Approval and Unopposed Motion for Fees and Costs, this requirement has been met.  *See* Dkts. 21, 26.  The Class Representative has the same interests as other Class Members, and has devoted significant time advocating on behalf of the Class.  *See* Dkt. 26 (motion for fees). As noted above, Class Counsel are highly experienced and well-regarded in the field

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**    Case No: 2:24-CV-03697-WLH-BFM

1    of class action civil rights litigation.   *See* Saenz Decl. ¶¶ 4–8; *see also Lopez-*

2    *Valenzuela v. Maricopa County*, No. 08-cv-00660, 2015 WL 12811366, at *3 (D.

3    Ariz. June 25, 2015) (noting MALDEF's "special expertise and experience in the

4    areas of civil rights and immigration law.").

5           Second, the Settlement was negotiated at arms-length.   Fed. R. Civ. P.

6    23(e)(2)(B).  A settlement reached "in good faith after a well-informed arms-length

7    negotiation" is presumed to be fair.  *Fernandez v. Victoria Secret Store*, LLC, No.

8    06-cv-04149, 2008 WL 8150856, at *4 (C.D. Cal. July 21, 2008); *In re Lorazepam*,

9    205 F.R.D. 369, 375–76 (D.D.C. 2002) ("A presumption of fairness, adequacy, and

10   reasonableness  may  attach  to  a  class  settlement  reached  in  arm's-length

11   negotiations.") (internal quotation marks omitted).   After the Parties reached an

12   agreement in principle, the Parties continued discussions to finalize the Settlement

13   Agreement.  Saenz Decl. ¶ 13.  Significantly, the Parties did not negotiate attorneys'

14   fees and costs beyond Class Counsel offering to reduce fees sought in exchange for

15   greater compensation for Class Members.  *See id* ¶ 19.  The Parties continued in

16   settlement  discussions  to  finalize  details  regarding  the  Settlement  Agreement,

17   including the source of funds for payments to Class Members and administration

18   costs to effectuate the Settlement.  *See id* ¶ 19.  Defendant agreed to pay all costs,

19   including attorneys' fees and costs, separate from the Settlement Fund.  *See id.*  This

20   is precisely the type of "an arms-length, non-collusive, negotiated resolution" in

21

- 22 -

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**       Case No: 2:24-CV-03697-WLH-BFM

1    which Ninth Circuit courts place "a good deal of stock." *Rodriguez*, 563 F.3d at

2    965.  The Settlement Agreement is the result of arms-length negotiations between

3    experienced Class Counsel and counsel for Kinecta.   There is nothing in the

4    negotiations or the substance of the Settlement Agreement to doubt its fairness.

5        Third, as discussed in greater detail above, the relief provided by the

6    Settlement is adequate, particularly considering the untested nature of Plaintiff's

7    claims.  Fed. R. Civ. P. 23(e)(2)(C).  Settlement checks will be distributed to Class

8    Members without submitting a claim, or taking any action regarding Claim Forms,

9    within 10 days of the Effective Date, and Class Members will have 120 days from

10   the date of issuance to cash their checks.  SA §§ 11.  Attorneys' fees and costs, as

11   awarded by the Court, will be paid to the Settlement Administrator 10 days after the

12   Effective Date, to be distributed to Class Counsel in accordance with the Settlement

13   Agreement.  *Id.* at § 11(d)(i).

14                              **IV.   CONCLUSION**

15        For the foregoing reasons, and the reasons set forth in Plaintiff's Unopposed

16   Motion for Preliminary Approval and Plaintiff's Unopposed Motion for Approval

17   of Attorneys' Fees, Costs, and Service Award, Plaintiff respectfully requests that the

18   Court grant Final Approval of the Settlement, grant final certification of the Class,

19   designate Plaintiff Esqueda as Class Representative, and confirm MALDEF as Class

20   Counsel.

21

- 23 -

1  Dated: April 29, 2025              Respectfully Submitted,

2                                     MEXICAN AMERICAN LEGAL DEFENSE
                                      AND EDUCATIONAL FUND

3                                     */s/ Eduardo Casas*
                                      Eduardo Casas
4                                     Thomas A. Saenz
                                      Ernest Herrera

5
                                      *Attorneys for Plaintiff and the Proposed Class*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

- 24 -

1

## <u>Certificate of Compliance</u>

2      The undersigned counsel of record for Plaintiff certifies that this brief

3  contains 5,286 words, which complies with the word limit of L.R. 11-6.1.

4

5  Dated: April 29, 2025              Respectfully Submitted,

6                                     MEXICAN AMERICAN LEGAL DEFENSE
                                      AND EDUCATIONAL FUND

7                                     */s/ Eduardo Casas*
                                      Eduardo Casas

8                                     Thomas A. Saenz
                                      Ernest Herrera

9                                     *Attorneys for Plaintiff and the Proposed Class*

10

11

12

13

14

15

16

17

18

19

20

21

**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**      Case No: 2:24-CV-03697-WLH-BFM