UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO ESQUEDA, an individual, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>KINECTA FEDERAL CREDIT UNION,<br>Defendant. | Case No. 2:24-CV-03697-WLM (BFM_<br>**ORDER RE MOTIONS FOR FEES, COSTS AND AWARD [26] AND FINAL SETTLEMENT APPROVAL [27]** |

The Court is in receipt of Plaintiff's Unopposed Motion for Attorneys' Fees, Costs and Service Award ("Mot. for Fees, Costs and Award" Docket No. 26) and Unopposed Motion for Settlement Approval ("Mot. for Final Settlement Approval," Docket No. 27). For the following reasons, the Court **GRANTS** both motions.

## I. BACKGROUND

Plaintiff Rogelio Esqueda is a Deferred Action for Childhood Arrivals ("DACA") recipient who was allegedly denied an auto loan for lack of an Individual Taxpayer Identification Number. (Complaint ("Compl."), Docket No. 1 ¶¶ 6, 17). Plaintiff alleges that Defendant Kinecta Federal Credit Union has a policy of denying applicants for financial products based on their alienage and/or immigration status. (*Id*.) On May 3, 2024, Plaintiff filed a putative class action alleging violations of the Civil Rights Act of 1964, 42 U.S.C. § 1981 ("Section 1981"), and the California

Unruh Civil Rights Act, California Civil Code §§ 51, et seq. (the "Unruh Act"). (*See generally id.*). Parties engaged in good faith negotiations to resolve the claims and filed a joint notice of settlement on November 11, 2024. (Docket No. 19).

On January 3, 2025, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. (Motion for Preliminary Approval, Docket No. 21). Plaintiff submitted to the Court the parties' proposed Settlement Agreement. (Exhibit A to Motion for Preliminary Approval ("Settlement Agreement"), Docket No. 21-2). In the Motion, Plaintiff asked the Court to conditionally certify the class for settlement purposes, appoint Plaintiff as class representative, appoint Plaintiff's attorneys as class counsel, preliminarily approve the settlement, approve proposed notice to class members, appoint RG/2 Claims Administration LLC ("RG/2")[1] as the settlement administrator and schedule a hearing for final approval of the settlement. (*Id.* at 1). On January 29, 2025, the Court granted Plaintiff's Motion. (Order re: Preliminary Approval, Docket No. 25). In the Order, Court appointed MALDEF as class counsel, Plaintiff as class representative and RG/2 as the settlement administrator. (Order re: Preliminary Approval at 14). The Court approved the proposed notice plan with one condition and certified the settlement class for settlement purposes. (*Id.*). Finally, the Court preliminarily approved the proposed settlement agreement based on a conclusion that the settlement was fair, reasonable and adequate after accounting for the five factors listed in Federal Rule of Civil Procedure 23(e)(2). (*Id.* at 9-12). The Court set a hearing on final settlement approval. (*Id.* at 14).

In preliminarily approving the settlement the Court specifically considered several features of the Settlement Agreement which are relevant to the Motions before the Court today. First, the Court considered that under the terms of the Settlement Agreement, Plaintiff would move the Court for a $5,000 incentive payment to

---

[1] The Order re: Preliminary Approval referred to RG/2 as "RG2" based on the styling the Motion for Preliminary Approval.

Plaintiff Esqueda. (*Id.* at 4 (detailing settlement provision); *id.* at 12 (explaining why incentive award does not compromise the equitable treatment of class members)). Second, the Court considered that, under the terms of the Settlement Agreement, Class Counsel would file a motion for attorneys' fees and costs, Defendant would not oppose an application of up to $50,000 and Defendant would pay fees and costs from funds separate from the settlement fund. (*Id.* at 3, 11). Finally, the Court considered that under the terms of the Settlement Agreement, Defendant would pay costs of settlement administration, including RG/2's fees and costs, from funds separate from the settlement fund. (*Id.* at 4).[2]

On April 29, 2025, Plaintiff filed the instant Motion for Fees, Costs and Service Award and Motion for Final Settlement Approval. (Mot. for Fees, Costs and Award; Mot. for Final Settlement Approval). In support of the Motion for Fees, Costs and Service Award, Plaintiff submitted evidence of hours worked by the two attorneys assigned to the case, the pay rate and the lodestar calculation. (Casas Decl., Ex. B ("Class Counsel Hours"); Casa Decl. Ex. A ("Lodestar Summary"), Docket No 26-1). The demonstrated fees are summarized below:

| Name | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| Thomas A. Saenz | President & General Counsel | $950 | 15.5 | $14,725 |
| Eduardo Casas | Staff Attorney | $400 | 45 | $18,00 |
| | Total | | 60.5 | $32,725 |

---

[2] Though not explicitly identified by the Court in the Preliminary Approval Order, the Settlement Agreement specifies that Defendants would pay an estimated $13,000 in fees and costs to RG/2 from funds separate from the settlement fund. (Settlement Agreement 11(d)(iii)).

1 (Class Counsel Hours; Lodestar Summary).

2     MALDEF Staff Attorney Eduardo Casas declares that Class Counsel has incurred a total of $405 in unreimbursed costs and expenses in prosecuting the action, including filing filings. (Casas Decl. ¶ 47). Finally, Casas declares that an award of $13,000 to RG/2 for the costs of settlement is "is reasonable because of the Settlement Administrator's ongoing and anticipated diligent efforts in administrating the settlement, including sending notices to 31 Class Members identified, administering the settlement website, handling communications with interested Class Members, and administering payments from the Settlement Fund." (*Id.* ¶ 51).

    In support of the Motion for Final Approval of Class Settlement, Plaintiff submitted the declaration of Melissa Baldwin, the Director of Claims Administration for RG/2. (Baldwin Decl., Docket No. 27-1). Baldwin details the steps taken to comply with the notice plan approved by the Court (*see generally id.*) and declares that 100% of the Class successfully received notice. (Baldwin Decl. ¶ 9). Baldwin further declares that RG/2 has not received any request for exclusion from the settlement nor any objections to the settlement. (Baldwin Decl. ¶¶ 13, 14).

    On May 30, 2025, the Court held a hearing on the instant motions. No class members appeared nor objected to the proposed settlement.

**II. DISCUSSION**

    A. <u>**Final Approval of Class Settlement**</u>

    In the order preliminarily approving the settlement agreement, the Court explained why the proposed settlement agreement based was fair, reasonable and adequate after accounting for the five factors listed in Federal Rule of Civil Procedure 23(e)(2). (Order re: Preliminary Approval at 9-12). RG/2 has followed the Court's ordered notice plan, and no terms of the settlement agreement have changed since the Court found it to be fair, reasonable and adequate. As such, the Court **GRANTS** Plaintiff's Motion for Final Approval of Class Settlement.

B. **Motion for Attorneys' Fees, Costs and Awards**

The Court finds that a $5,000 incentive award for Plaintiff Esqueda is appropriate to compensate Plaintiff Esqueda for the work done on behalf of the class and to recognize his willingness to act as a private attorney general, despite the risk he took in publicizing his immigration status. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (noting that discretionary incentive awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."). Given the work required to provide notice to the class members and to administer the settlement fund, the Court further finds that a $13,000 award to RG/2 for the costs of settlement is appropriate.

Regarding attorneys' fees, the Court has discretion "to employ either the lodestar method or the percentage of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Because Defendant will pay fees from funds separate from the settlement fund, the Court finds it appropriate to apply the lodestar method. A "lodestar" reflects the number of hours reasonably expended multiplied by a reasonable hourly rate. *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). "A reasonable number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (cleaned up). A reasonable hourly rate is determined "according to the prevailing market rates in the relevant community, taking into consideration the experience, skill, and reputation of the attorney." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (cleaned up).

The lodestar here is $32,725, reflecting 45 hours of work at the rate of $400 for Staff Attorney Casas and 15.5 hours of work at the rate of $950 for MALDEF's

President and General Counsel. (Class Counsel Hours; Lodestar Summary).[3] These expended hours and the hourly rates charged by counsel are reasonable. *See Hit and Miss, Enterprises, Inc. v. City of Long Beach et al.*, (2:18-cv-09996-WLH-SSC), Docket No. 137 (awarding fees in civil rights action with higher hourly rate and similar expended hours per task). $405 in legal cost, including filing fees, is also reasonable. The Court thus finds an award of $32,725 in attorneys' fees and $405 in litigation costs to be reasonable. The Court therefore **GRANTS** Plaintiff's Motion for Attorneys' Fees, Costs and Award.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Final Settlement Approval and Plaintiff's Motion for Attorneys' Fees, Costs and Award.

**IT IS SO ORDERED.**

Dated: May 30, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

---

[3] While the text of Plaintiff's Motion references a request for $34,920 in attorneys' fees (Mot. for Fees, Costs and Award at 1), the evidence submitted by Plaintiff supports an award of $32,725. (Casas Decl. ¶ 29; Class Counsel Hours; Lodestar Summary).