UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO ESQUEDA, an individual, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>KINECTA FEDERAL CREDIT UNION,<br><br>              Defendant. | Case No.: 2:24-CV-03697-WLM-BFM<br><br>**FINAL JUDGMENT** |

## **FINAL JUDGMENT**

This matter came before the Court for hearing on Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Costs and Service Award. On January 29, 2025, the Court issued an Order preliminarily approving a proposed Settlement Agreement. (Docket No. 25). The January 29, 2025, Order also preliminarily certified the Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Class, and set a Final Approval Hearing to take place on May 30, 2025.

On April 29, 2025, Plaintiff filed a Motion for Fees, Costs and Service Award and Motion for Final Settlement Approval, both unopposed. The Court reviewed the papers filed in support of the Unopposed Motion for Final Approval, including the Agreement and attached exhibits, memoranda and arguments submitted on behalf of the Settlement Class, and supporting declarations. On May 29, 2025, the Court issued a tentative ruling on the Motion for Final Approval and the Motion for Approval of Attorneys' Fees. Both parties submitted to the tentative ruling. On May 30, 2025, the Court held a Final Approval Hearing. No class members appeared nor objected to the proposed settlement. On May 30, 2025, the Court issued an Order granting Plaintiff's Motion for Approval of Attorneys Fees, Cost and Service Award and Motion for Final Settlement Approval.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**1. Definitions.** This Judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined here, shall have the same meanings as in the Agreement.

**2. Jurisdiction and Venue.** This Court has jurisdiction over the subject-matter of the Action and over all parties to the Action, including all members of the Class, and venue in this Court is proper.

**3. No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

**4. Settlement Class.** Under Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies the Action as a class action, with the Class defined as to the collective group of all persons making up the Class, defined as follows:

> "Class Member(s)" shall mean the 31 individuals who, according to Defendant's records: (i) applied for a Financial Product from May 3, 2022, through May 2, 2024; (ii) were legally residing in the United States at the time they applied; and (iii) were denied such Financial Product solely due to their alienage or immigration status.

The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable;

1 (b) there are questions of law and fact common to the Class which predominate over any
2 individual question; (c) the claims of Plaintiff Esqueda ("the Class Representative") are
3 typical of the claims of the Class; (d) the Class Representative will fairly and adequately
4 represent and protect the interests of the Class Members because his interests are co-
5 extensive with those of the Class Members, and they have retained experienced counsel to
6 represent them and the Class Members; and (e) a class action is superior to other available
7 methods for the fair and efficient adjudication of the controversy.

8 **5. Designation of Class Representative and Class Counsel**. The Court confirms
9 the prior appointment of Plaintiff Rogelio Esqueda as Class Representative, and the counsel
10 of record representing the Class Members in this Action as Class Counsel.

11 **6. Settlement Approval.** Under Federal Rule of Civil Procedure 23, this Court
12 approves the Settlement set forth in the Agreement and finds that the Settlement is, in all
13 respects, fair, reasonable, and adequate to the Parties. The Court further finds that the
14 Settlement set forth in the Agreement is the result of good faith, arms-length negotiations
15 between experienced counsel representing the interests of the Parties. Accordingly, the
16 Settlement embodied in the Agreement is finally approved in all respects, there is no just
17 reason for delay, and the Parties are directed to perform its terms.

18 **7. Dismissal with Prejudice.** Final Judgment is entered with respect to the Released
19 Claims of all Settlement Class Members, and the Released Claims in the Action are
20

dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed, and the case shall be closed under Paragraph 22 of this Order.

**8. Releases.** The releases as set forth in Section 13 of the Agreement together with the definitions in Section 1 relating to them are expressly incorporated here in all respects and made effective by operation of this Judgment. The Court approves the release provisions as contained and incorporated in Section 13 of the Agreement, including but not limited to the definitions of Section 1. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Defendant Releasees.

**9. Permanent Injunction.** The Releasors, including the Class Representative and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims. The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

**10. Approval of Class Notice.** The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. The Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth here, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution. The Court also finds that all Class Members were given a full and fair opportunity to object, and all Class Members have had a full and fair opportunity to exclude themselves from the Class.

**11. No Objections.** The Court finds, as set forth in the Declaration of Melissa E. Baldwin Regarding Settlement Administration, dated April 24, 2025, no objections to the Settlement have been filed by members of the Class and no members of the Class requested exclusion from the Class.

**12. Attorneys' Fees and Costs.** Plaintiff and Class Counsel have moved for an award of attorneys' fees and costs in the amount of $32,725 in attorneys' fees and $405 in litigation costs. The Court finds that an award of $33,130 in attorneys' fees and costs is fair and reasonable, and the Court approves of Class Counsel attorneys' fees and costs in this amount.

**13. Class Representative Incentive Award.** The Court further finds that the service award for Plaintiff Esqueda in the amount of $5,000 is fair and reasonable, and the Court approves the service award in this amount. The Court directs the Settlement Administrator to disburse this award to Plaintiff Esqueda.

**14. Settlement Administrator.** The Court appoints RG/2 Claims Administration LLC ("RG2 Claims" or the "Claims Administrator") as the Claims Administrator under the terms of the Agreement. All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid by Defendant. The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Agreement and shall comply with the terms of the Agreement.

**15. Final Report.** The Parties will file a Final Report with this Court documenting the disbursement of the Settlement Fund within ten (10) days of the checks sent to Class Members having gone stale. Within thirty (30) days after filing the Final Report with this Court the total amount of uncashed checks, and residual amounts held by the Claims Administrator at the time of the Final Report, shall be paid by the Claims Administrator to TheDream.US and Immigrants Rising equally.

**16. Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of

Kinecta. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

**17. Continuing Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

**18. Implementation of the Agreement.** The Parties are authorized to implement the terms of the Agreement.

**19. Reasonable Extensions.** Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

**20. Class Action Fairness Act (CAFA) Notice.** Kinecta has provided timely notification through the settlement administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

**21. Entry of Final Judgment.** There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed.

**22. Action Closed.** The Clerk of the Court is directed to close the Action.

**IT IS SO ORDERED.**

Dated: 5/30/2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE